UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

In Re: )
)
DAVID E. PARSONS, SR., and ) Case No. 09-20633-659
JOYCE M. PARSONS, ) Chapter 7
)
Debtors. ) PUBLISHED

**O R D E R**

The matter before the Court is Trustee's Objection to Amended Claims of Exemption and Debtors' Response to Trustee's Objection to Amended Claim of Exemption. A hearing was held on April 15, 2010 at which both Trustee's counsel and Debtors' counsel appeared and presented oral argument. The matter was taken as submitted. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT:**

Debtors David E. Parsons, Sr. and Joyce M. Parsons (hereinafter "Debtors") filed a joint bankruptcy petition under Chapter 7 of the Bankruptcy Code on December 21, 2009. On March 16, 2010, Debtors filed an Amended Schedule C wherein Debtors claimed an exemption in the funds in Debtor David E. Parsons' checking account in the amount of $1,450.30 pursuant to Missouri Statute Section 525.030(2)(a). Trustee and Debtors agree that in actuality, only $1,444.49 was in Debtor David E. Parsons' checking account and therefore Debtors only seek to exempt $1,444.49.

Trustee objected on several grounds. First, Trustee argues that Missouri Statute Section 525.030(2)(a) is not an exemption statute and merely provides instructions on the limits to garnishments of judgment creditors. Second, Trustee argues that even if Section 525.030(2)(a) is an exemption statute, it applies only to garnishments and therefore is inapplicable in this case because the funds in Debtor David E. Parsons' account are not subject to garnishment; and further, Trustee cannot be equated to a judgment creditor seeking to garnish Debtors' funds.

Debtors argue that Missouri Statute Section 525.030(2)(a) is an exemption statute which allows for the exemption of ninety percent (90%) of wages if Debtor is head of a household. Relying on *In re Garst*, Case No. 09-30655 (Bankr. W.D. Mo. 2009), Debtors argue that because the funds in Debtor David E. Parsons' account can be traced back to wages, and Debtor David E. Parsons is the head of the household, ninety percent (90%) of the $1,449.49 or $1,300.04, is exempt under Missouri Statute Section 525.030(2)(a).

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2009) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B) (2009). Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

## CONCLUSIONS OF LAW

As a threshold matter, the Court must determine whether Missouri Statute Section 525.030(2) is a valid exemption statute. For the reasons set forth herein, the Court concludes that it is not.

The Trustee, as the objecting party, bears the burden of proof that an exemption claimed by Debtors is improper. BANKR. R. 4003(c) (2009). Under Section 522(d), a state is permitted to opt out of the federal bankruptcy exemption scheme. 11 U.S.C. § 522(d) (2009). The State of Missouri opted out of the federal bankruptcy exemption scheme, consequently, Missouri law controls a debtor's right to claim property as exempt. MO. STAT. ANN. § 513.427 (2002); *In re Hughes*, 318 B.R. 704, 707 (Bankr. W.D. Mo. 2004). Under Missouri law, any property specifically exempt from attachment by Missouri statute is exempt in bankruptcy proceedings. *See In re Mitchell,* 73 B.R. 93 (Bankr. E.D. Mo. 1987).

Missouri Garnishment Statute, Section 525.030(2) states:

> The maximum part of the aggregate earnings of any individual for any workweek, after the deduction from those earnings of any amounts required by law to be withheld, which is subjected to garnishment may not exceed (a) twenty-five percentum, or, (b) the amount by which his aggregate earnings for that week, after the deduction from those earnings of any amounts required to be withheld by law, exceed thirty times the federal minimum hourly wage…, or, (**c) if the employee is the head of a family and a resident of this state, ten percentum, whichever is less.**

RSMo § 525.030(2) (2009) (emphasis added) (hereinafter "Missouri Garnishment Statute").

Trustee argues that exemption statutes remove assets from a creditor's reach by exempting the asset from attachment, execution and/or levy. The Missouri Garnishment Statute does not contain any exemption language and thus, cannot properly be construed as an exemption statue. The Court agrees.

"While exemption may mean different things in different contexts, in the context of [11 U.S.C.] § 522, it refers to laws enacted by the legislative branch which explicitly identify property [that] judgment debtors can keep away from creditors for reasons of public policy." *In re Benn,* 491 F.3d 811, 814 (8th Cir. 2007)(citing *Benn v. Cole (In re Benn),* 340 B.R. 905, 914 (B.A.P. 8th Cir. 2006)). The Missouri Garnishment Statute does not contain any exemption language. The Missouri Garnishment Statute however, does provide instructions to a judgment creditor on what percentage of funds subject to garnishment may be sequestered (twenty-five percent (25%)), unless the garnishee is the head of a household at which point, only ten percent (10%) may be garnished. The Missouri Garnishment Statute therefore speaks to what a judgement creditor or garnishor may pursue rather than what a garnishee can exempt.

Alternatively however, funds subject to garnishment may be exempt pursuant to Missouri Statute Section 513.440, which states that:

> Each head of a family may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not

3

> exceeding in value the amount of one thousand two hundred fifty dollars plus three hundred fifty dollars for each of such person's unmarried dependent children under the age of eighteen years ... **except ten percent of any debt, income, salary or wages due such head of a family**.

RSMo § 513.440 (2009) (emphasis added). Therefore, a debtor who is head of the household may exempt ninety percent (90%) of wages under Missouri Statute 513.440. The Court recognizes that based on the arguments presented, theoretically, Debtors could have sought exemption pursuant to Missouri Statute Section 513.440.

Courts are required to interpret and enforce statutes according to the plain meaning of their language as long as the language is unambiguous. *Kokoszka v. Belford,* 417 U.S. 642, 650, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974); *Reves v. Ernst & Young,* 570 U.S. 170, 177, 113 S.Ct. 1163, 1169, 122 L.Ed.2d 525 (1993). "When interpreting a statute, courts look not merely to a particular clause in which general words may be used, but will also consider the statute as a whole and the object and policy of law, as indicated by its various provisions." *In re Lawrence,* 219 B.R. 786, 791 (E.D. Tenn. 1998); *see also Brown v. Duchesne,* 60 U.S. 183, 194, 15 L.Ed. 595 (1856)("[I]n interpreting a statute, the court will not look merely to a particular clause ... but will take in connection with it the whole statute (or statutes on the same subject) and the objects and policy of the law ... and give to it such a construction as will carry into execution the will of the Legislature..."). The Missouri Garnishment Statute specifically refers to funds that are "subject to garnishment". Missouri Statute Section 513.440 refers to funds that can be "exempt from execution". Had Debtors sought an exemption pursuant to Section 513.440, the Trustee's objection would again be well placed because the funds in Debtor David E. Parsons' checking account are not subject to garnishment which is what Missouri Statute Section 513.440, and the Missouri Garnishment Statute for that matter, presuppose. Further, the Trustee is not a judgment creditor but a representative of the bankruptcy estate. Any action taken by the Trustee to marshal

4

potential assets of the bankruptcy estate cannot be equated to an act as a judgment creditor. Therefore,

**IT IS ORDERED THAT** Trustee's Objection to Amended Claims of Exemption is **SUSTAINED**, and Debtors' Claim of Exemption pursuant to Missouri Statute Section 525.030(2) is **DENIED**.

_Kathy A. Surratt-States_
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: June 16, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO 6310

David A. Sosne
Summers Compton Wells PC
8909 Ladue Rd.
St. Louis, MO 63124

Brian James LaFlamme
Summers Compton Wells PC
8909 Ladue Road
St. Louis, MO 63124

David and Joyce Parsons
P.O. Box 132
Wayland, MO 63472

David A. Sosne
Summers Compton Wells PC
8909 Ladue Rd.
St. Louis, MO 63124

Marcia Lynn Moellring and
Vicki A. Dempsey
Dempsey, Dempsey et al.
716 Broadway
PO Box 51
Hannibal, MO 63401

5