UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| DAVID E. PARSONS, SR., and ) | Case No. 09-20633-659 |
| JOYCE M. PARSONS, ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtors. ) | |
| | **PUBLISHED** |

## O R D E R

The matter before the Court is Debtors' Motion to Reconsider and Chapter 7 Trustee's Joint Objection to Motion to Reconsider and Memorandum in Support. A hearing was held on July 29, 2010 at which Debtors and the Chapter 7 Trustee were represented by counsel. The matter was taken under submission.

Debtors sought to exempt $1,300.04 (90% of funds in Debtor David E. Parsons' checking account on the date the Chapter 7 petition was filed) pursuant to Missouri Statute Section 525.030(2). The Chapter 7 Trustee (hereinafter "Trustee") objected first, that Missouri Statute Section 525.030(2) is not a valid bankruptcy exemption statute and second, Debtor David E. Parsons' wages are not subject to garnishment and therefore Missouri Statute Section 525.030(2) does not apply. On June 16, 2010, this Court issued an Order in which Trustee's Objection to Amended Claims of Exemption was sustained and the Court held that Missouri Statute Section 525.030(2) is not a valid bankruptcy exemption statute.

Debtors' Motion to Reconsider (hereinafter "Motion") was timely filed on June 25, 2010. On July 29, 2010, Debtors orally amended their Motion to state that they seek reconsideration pursuant to Federal Rule of Bankruptcy Procedure 7052(b). Rule 7052(b) states that "[o]n a party's motion filed no later than [14] days after entry of judgment, the court may amend its findings — or make additional findings — and may amend the judgment accordingly." Fed. R. Bankr. P. 7052(b) (2009). Debtors' Motion presents neither new facts nor new law that was not considered by the Court

before the June 16, 2010 Order was entered and thus, there is no basis on which this Court will amend its Findings of Fact or Conclusions of Law as issued in the June 16, 2010 Order.

This Court will further reiterate the rationale for its conclusion that Missouri Statute Section 525.030(2) is not a valid exemption statute in bankruptcy proceedings and thus the funds in Debtor David E. Parsons' checking account cannot be exempt. Missouri Statute Section 525.030 states:

> (2)The maximum part of the aggregate earnings of any individual for any workweek, after the deduction from those earnings of any amounts required by law to be withheld, which is subjected to garnishment may not exceed (a) twenty-five percentum, or, (b) the amount by which his aggregate earnings for that week, after the deduction from those earnings of any amounts required to be withheld by law, exceed thirty times the federal minimum hourly wage…, or, (**c) if the employee is the head of a family and a resident of this state, ten percentum, whichever is less.**
> ...
> The term "earnings" as used herein means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

Mo. Rev. Stat. § 525.030(2) (2009)(emphasis added) (hereinafter "Missouri Garnishment Statute).

The Eighth Circuit has stated that "exemption" is a term of art and "in the context of [11 U.S.C.] § 522, ["exemption"] refers to laws enacted by the legislative branch which explicitly identify property [that] judgment-debtors can keep away from creditors for reasons of public policy." *In re Benn,* 491 F.3d 811, 814 (8th Cir. 2007). As stated in this Court's June 16, 2010 Order, the Missouri Garnishment Statute does not *explicitly identify property that a judgment-debtor can keep away from creditors.* Rather, the Missouri Garnishment Statute provides instructions to a judgment creditor on what percentage of funds which are subject to a garnishment may be sequestered. The Missouri Garnishment Statute therefore speaks to a garnishor/judgment creditor and provides instruction for the garnishee/judgment debtor's employer on the maximum amount of funds that may be withheld from the garnishee/judgment debtor's wages in satisfaction of a garnishment.

The Court recited Missouri Statute Section 513.440 as an example of a statute that explicitly

identifies property that a judgment debtor can keep away from creditors.  Another example of such a statute is Missouri Statute Section 513.430.  *See also In re Benn,* 491 F.3d at 815 (where the Eighth Circuit states that ". . . reference [in Section 513.427] to property 'exempt from attachment and execution' under Missouri law means property that is declared exempt in one of the Missouri exemption statutes, such as 513.430").

As Trustee argues, the Court also finds the Supreme Court's evaluation in *Kokoszka v. Belford* of 15 U.S.C. Section 1673, the federal counterpart to the Missouri Garnishment Statute, to be instructive. 15 U.S.C. Section 1673 provides that no more than 25% of a person's aggregate disposable earnings may be subject to garnishment. 15 U.S.C. § 1673 (2009).  The Supreme Court held that Section 1673 was not an exemption statute and that Congress' intent in enacting Section 1673 was not to administer but to prevent bankruptcies in light of the "clearly established . . . causal connection between harsh garnishment laws and high levels of personal bankruptcies." *Kokoszka v. Belford,* 417 U.S. 642, 650-51, 92 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974).  Thus, the purpose of Section 1673 was to regulate garnishments so that the judgment debtor may still have sufficient resources to support themself and their family.  This Court believes that a similar reading of the Missouri Garnishment Statute is proper.  The Missouri Garnishment Statute is not an exemption statute in bankruptcy proceedings but rather, the Missouri Garnishment Statute aims to regulate the enforcement of garnishment orders.

Debtors also argue that the Missouri Garnishment Statute defines earnings as "compensation paid or payable" and thus, the mere fact that Debtor David E. Parson's wages were paid should not change the character of the funds as "aggregate earnings" within the meaning of the Missouri Garnishment Statute.  Therefore, Debtor argues that the Missouri legislature contemplated wages already paid to an employee. Debtor cites *In re Garst,* an unpublished decision from the Western District of Missouri, for support in making this argument. In *In re Garst,* the court held that funds that were deposited into the debtor's bank account did not lose their character as wages for exemption

purposes because to rule otherwise would elevate "form over substance". *In re Garst,* No. 09-30655 (Bankr. W.D. Mo. 2009)(citing *In re Arnold,* 193 B.R. 897 (Bankr. W.D. Mo. 1996)).

Debtors' position cannot be correct in the context of bankruptcy. As previously stated, the Missouri Garnishment Statute was written in the context of providing instruction to a garnishor/judgment creditor on how much of a garnishee/judgment debtor's wages may be sought. Thus, in this context, the Missouri Garnishment Statute clearly indicates that a garnishor/judgment creditor may not seek more than 10% of a garnishee/judgment creditor's wages.

When taken outside the context herein described, for example, when the Missouri Garnishment Statute is used as an exemption statute, the results are flawed. As noted by the Supreme Court in *Kokoszka,* "[j]ust because some property interest had its source in wages . . . does not give it special protection, for to do so would exempt from the bankrupt estate most of the property owned by many bankrupts, such as savings accounts and automobiles which had their origin in wages." *Kokoszka,* 417 U.S. at 648, 94 S.Ct. at 2435 (where debtor attempted to exempt tax refunds by arguing that the tax refund funds can be traced back to wages). As a practical matter, to hold that property that can be traced back to wages can assume status as earnings which can therefore be exempt in bankruptcy borders on a slippery slope whereby the potential for inconsistency and uncertainty would be infinite. The reality of inconsistency would be similarly prevalent if a limitation that only funds in a bank account that could be traced back to wages are exempt particularly since funds in a bank account are comingled.

More fundamentally however, in Missouri, a garnishment is an "incidental remedy whereby a plaintiff seeks to collect a judgment by reaching the defendant's property in the hands of a third party." *U.S. v. Brooks,* 40 S.W.3d 411, 415 (Mo. App. 2001)(citing *State ex. rel. Eagle Bank and Trust Co. v. Corcoran,* 659 S.W.2d 775, 777 (Mo. 1983)). In the matter at hand, there is no judgment against Debtors for which a judgment creditor sought payment through a garnishment. Had there been a garnishment of Debtor David E. Parsons' wages, pursuant to the Missouri

Garnishment Statute as explained above and in this Court's June 16, 2010 Order, the judgment creditor would only be entitled to pursue 10% of Debtor David E. Parsons' wages since Debtor David E. Parsons is the head of the household.  The Missouri Garnishment Statute cannot apply absent a garnishment; and in Missouri, as is the case in most states that have not legislated otherwise, a bankruptcy proceeding is not, and cannot be treated as, the equivalent of a garnishment. *But see In re Irish,* 311 B.R. 63, 68 (B.A.P. 8th Cir. 2004)(where the B.A.P. held that the Iowa General Assembly specifically intended that pursuant to the Iowa garnishment statute, a worker could exempt a portion of worker's wages from creditors in any procedure whereby debtor's earnings would be used to satisfy a debt, to the inclusion of a bankruptcy proceeding; therefore, the lack of a traditional garnishing creditor had no bearing on debtor's right to exempt wages through the Iowa garnishment statute).  Moreover, the Trustee is a representative of the bankruptcy estate and is required to collect and liquidate property of the bankruptcy estate for the benefit of creditors pursuant to 11 U.S.C. §§ 323(a) and 704, and thus, the Trustee is not a judgment creditor.  As such, a bankruptcy proceeding does not fit within the Missouri definition of a garnishment.

While true, the Missouri Garnishment Statute was used as an exemption statute in times past, in light of the holding in *In re Benn,* this can no longer be the case.  All debtors henceforth must make do with the Missouri exemptions where the Missouri Legislature has *explicitly identified property that a judgment debtor can keep away from creditors,* not those that were created in practice and went without objection.  Therefore,

**IT IS ORDERED THAT** Debtors' Motion to Reconsider is DENIED.

*/s/ Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: October 6, 2010
St. Louis, Missouri

Copies to:

| | |
|---|---|
| Office of the United States Trustee<br>Thomas F. Eagleton U.S. Courthouse<br>111 South 10th Street, Suite 6.353<br>St. Louis, MO  63102 | David and JoyceParsons<br>P.O. Box 132<br>Wayland, MO 63472 |
| Marcia Lynn Moellring<br>Dempsey, Dempsey et al.<br>716 Broadway<br>PO Box 510<br>Hannibal, MO 63401 | Brian James LaFlamme<br>Summers Compton Wells PC<br>8909 Ladue Road<br>St. Louis, MO 63124 |
| David A. Sosne<br>Summers Compton Wells PC<br>8909 Ladue Rd.<br>St. Louis, MO 63124 | |